[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12366
Non-Argument Calendar

_____

Agency No. A096-006-929

XIN YAN HU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 4, 2020)

Before ED CARNES, Chief Judge, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Xin Yan Hu fled China and arrived in Miami in September 2002. She was immediately detained. Two weeks later, on September 17, 2002, she was given a notice to appear for removal proceedings at a time and date "TO BE DETERMINED." Despite the lack of time and date on the notice, Hu appeared before an immigration judge in June 2003, acknowledged service, and conceded removability. The immigration judge gave her a notice of hearing that provided the time and date of her next hearing.

Hu's case proceeded before the immigration judge and Board of Immigration Appeals until, in August 2005, the BIA ordered Hu deported.

In September 2018 she moved the BIA to reopen her case in light of Pereira v. Sessions, 138 S.Ct. 2015 (2018).[1] Hu contended that, under Pereira, the stop-time rule was not triggered by a notice to appear that did not include a date and time. Thus, she alleged, she now qualified for a cancellation of removal because she had been in the United States for more than ten years. The BIA rejected Hu's motion for two reasons: (1) her motion was time barred and (2) the defective notice was cured by a later notice of hearing that included a time and date. Hu appeals.

To obtain reversal of a judgment that is based on multiple, independent grounds, an appellant must prove that every stated ground for the judgment against

---

[1] The record does not reflect whether Hu left and came back, or evaded removal for all thirteen years.

2

her is wrong.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).  When an appellant fails to challenge one of those grounds in her appeal, "[she] is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."  Id.

On appeal, Hu contends only that the BIA erred in holding that a notice of hearing can cure a defective notice to appear.  She does not contend that the BIA erred in finding that her motion was time barred.  She has therefore abandoned that claim and the BIA's order is affirmed.

**PETITION DENIED.**